UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ROSARIO,

    Plaintiff,

v.                                         Case No.:  2:24-cv-1135-JLB-KCD

OCCIDENTAL FIRE AND
CASUALTY COMPANY OF
NORTH CAROLINA,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant's Motion to Dismiss.  (Doc. 16). Plaintiff filed a response (Doc. 17), and with the Court's leave, Defendant replied (Doc. 22).  As set forth herein, the Court **GRANTS** the motion **in part**.

## BACKGROUND

Plaintiff Juan Rosario brings this breach of contract action arising from flood damage sustained to his property from Hurricane Ian.  (Doc. 9).  Defendant, Occidental Fire and Casualty Company of North America, participates in the National Flood Insurance Program (NFIP) as a write-your-own program carrier. (*Id.* at 7–39).  Defendant issued Plaintiff a Standard Flood Insurance Policy (SFIP) that was effective during the time of the loss.  (*Id.*).  After Hurricane Ian, Plaintiff submitted a claim to Defendant for damage sustained to his property.  (*Id.* at ¶¶ 9–11).  In response, on January 4, 2023, Defendant issued a letter denying coverage

for damage to the swimming pool and equipment located on the property. (Doc. 16 at 3; Doc. 16-2). Defendant issued another letter denying coverage of the tile flooring on August 14, 2023. (Doc. 16 at 3; Doc. 16-4). This action was subsequently filed in this Court on December 12, 2024, almost two years after the first denial letter was sent. (Doc. 16 at 3). Plaintiff alleges that Defendant breached the policy when it failed to remit payment for Plaintiff's loss sufficient to return the Property to its pre-loss condition. (Doc. 9 at ¶ 22).

Defendant moves to dismiss because Plaintiff filed suit over a year after the partial denial letters were issued, arguing that the suit is time-barred. (Doc. 16 at 7–11). Defendant attached two denial letters to its motion to dismiss, neither of which was attached to the Complaint. (Doc. 16-2; Doc. 16-4). In response, Plaintiff argues that consideration of the denial letters is beyond the four corners of the Complaint, the denial letters were not proper denials triggering the statute of limitations period, supplemental claims are not time-barred, and the doctrine of equitable estoppel preserves the claim, even if time-barred. (*See* Doc. 17). Defendant replies that the denial letters should be considered because Plaintiff's allegations place the denial letters central to the Complaint. (Doc. 22 at 2). Defendant also rejects Plaintiff's argument that any additional information submitted after the denial letters were issued constitutes a new claim, (*id.* at 5–6), and that the doctrine of equitable estoppel is unavailable for claims against the

2

government for funds from the United States treasury, (*id.* at 6). The Court grants the motion for the reasons set forth below.

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). Importantly, "at the motion to dismiss stage, the scope of a court's review must be limited to the four corners of the complaint." *Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007).

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Upon a careful review of the pleadings, the Court grants Defendant's motion to dismiss in part. As discussed further, the breach of contract claim is time-barred and must be dismissed.

As a threshold issue, Plaintiff argues that the Court cannot consider the denial letters attached to the motion to dismiss. (Doc. 17 at 3–4). However, courts

can consider attachments to a motion to dismiss if the attached document is "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Plaintiff's argument that the denial letters' contents are disputed because he disagrees that the denials should have been issued is misplaced. (Doc. 17 at 3–4). "Undisputed" in this context means the authenticity of the document is undisputed. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Plaintiff has not challenged the authenticity of the denial letters, which are central to Plaintiff's breach of insurance contract claim, so the Court duly considers them. *See 4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering a denial letter attached to the motion to dismiss in a breach of SFIP contract claim); *Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *2 (M.D. Fla. Apr. 17, 2025) (same).

I. **Time-Barred**

Plaintiff's insurance claim is time-barred. In flood insurance disputes, plaintiffs must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Section VII(O) of the policy itself states the same. Suits must be filed "within one year after the date of the written denial of all or part of the claim[.]" (Doc. 9 at 31). Defendants issued their first denial on January 4, 2023, a partial written denial. (Doc. 16-2). To determine such, "courts closely examine the letter's content." *4922*

4

*Mgmt. LLC*, 2025 WL 417701, at *1 (quoting *Palmer v. Selective Ins. Co.*, Inc., No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024)).  Here, the January 4, 2023 letter explicitly states, "we must deny coverage for the following items[.]" (Doc. 16-2 at 1).  It also clearly notifies Plaintiff of his rights "after receiv[ing] a full or partial claim denial letter[,]" including filing an appeal with FEMA, seeking an appraisal, or filing suit "within one (1) year of the denial[.]"  (*Id.* at 2).

Plaintiff argues that the denial letters did not trigger the statute of limitations period because Defendant's payment was based on the adjuster's report, not a sworn proof of loss.  (Doc. 17 at 8–9).  Instead, Plaintiff urges the Court to determine that the actual denial occurred on May 14, 2024, "the date Defendant expressly stated no additional payment would be made on the claim in response to Plaintiff's numerous submissions of requests for additional payment." (*Id.* at 9).[1]

However, "[d]istrict courts in the Middle District of Florida have unanimously agreed that a denial letter is a proper disallowance that triggers the one-year limitation period, not the denial of a claimant's sworn proof of loss." *Raulerson*, 2025 WL 1133767, at *3 (collecting cases).  Plaintiff's reliance on *Qader v. Fed. Emergency Mgmt. Agency*, 543 F. Supp. 2d 558, 562 (E.D. La. 2008) for the

---

[1] The Court notes that the Complaint makes no mention of a May 14, 2024 letter, and Defendant rejects the contention that one exists.  (Doc. 9; Doc. 22 at 3).  Either way, it is inconsequential because the denial letters triggered the statute of limitations.

5

proposition that the statute of limitations is only triggered upon denial of a claim accompanied by a proof of loss is misplaced. The Fifth Circuit has since disapproved the court's decision in *Qader,* stating that "Section 4072 does not mention a proof of loss, much less require the disallowance of one." *McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *2 (5th Cir. Sept. 30, 2022) (finding that the denial of a claim begins the statutory clock, not the denial of a proof of loss).

Any subsequent sworn proof of loss did not change the date of the first denial letter. *Raulerson,* 2025 WL 1133767, at *3 (concluding that the partial denial letter triggered the statutory period, not the denial of the sworn proof of loss); *4922 Mgmt. LLC*, 2025 WL 417701, at *3 (rejecting the plaintiff's argument that a denial letter must be based on a sworn proof of loss). Thus, since Plaintiff's claim was partially denied on January 4, 2023, it is time-barred under both the policy and 42 U.S.C. § 4072.

## II. Supplemental Claims

Plaintiff's arguments regarding supplemental claims, additional losses, and additional documentation are beyond the four corners of the Complaint. Plaintiff argues that any new damage or claims submitted post-denials are not subject to the same statutory period. (Doc. 17 at 11). Plaintiff relies heavily on 42 U.S.C. § 4072's use of "such claim" that has been "proved and approved." (*Id.* at 10). Plaintiff

6

argues that the additional losses and documentation *could* be considered a supplemental claim and are not part of "such claim." (*Id.* at 10–11). Plaintiff states that prior to the second denial letter, they "had not fully analyzed their flood loss or submitted any supporting documentation to establish their loss." (*Id.* at 11).

Plaintiff neither alleges in the Complaint that a supplemental claim was ever filed, nor does he allege additional losses and/or documentation. Even in Plaintiff's response, he paints very broad strokes regarding such. Because the "[C]ourt's review must be limited to the four corners of the complaint," it declines to consider Plaintiff's argument regarding unalleged additional losses or documentation. *Boyd*, 249 F. App'x at 157.

### III. Equitable estoppel

Plaintiff argues that Defendant should be equitably estopped from asserting its statute of limitations argument because they "induced Plaintiff to rely on its averments that it would consider and respond to supplemental requests for payment." (Doc. 17 at 12–14). Defendant counters that fiscal agents of the United States are not subject to equitable estoppel. (Doc. 22 at 6). The Court agrees. "[E]quitable estoppel is unavailable in a claim against the government for funds from the public treasury." *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1342–43 (11th Cir. 2007) (citing *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424–34 (1990)). The Eleventh Circuit is clear, under the Appropriations

Clause, equitable estoppel is unavailable to insurers participating in the NFIP because they are fiscal agents of the United States and benefits under the NFIP are paid out of the federal treasury. *Id.* at 1343. Thus, equitable estoppel is unavailable.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 16) is **GRANTED in part and DENIED in part.**

2. The Complaint (Doc. 9) is **DISMISSED without prejudice**, and Plaintiff shall have leave to file an amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on May 16, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE